**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAZARR R. REDDING**, Plaintiff, v. **SOMERSET COUNTY JAIL, et. al.**, Defendant. | Civil Action No. 22-06635 (ZNQ)(TJB) **MEMORANDUM AND ORDER TO SHOW CAUSE** |

**QURAISHI, District Judge**

This matter comes *sua sponte* before the Court from Plaintiff's failure to take any action in this matter. On December 8, 2023, the Court gave Plaintiff a thirty-day extension to submit his fifth *in forma pauperis* ("IFP") application, and administratively terminated the case. (ECF No. 21). Plaintiff, to this day, did not respond. Accordingly, the Court directs Plaintiff to show cause why the Court should not dismiss this action with prejudice based on Plaintiff's failure to prosecute this matter over the course of the past fifteen months.

The procedural history of this case is as follows. On November 15, 2022, the Court received Plaintiff's *pro se* civil rights complaint, which he submitted while he was at Somerset County Jail, and his first IFP application. (ECF No. 1). On December 6, 2022, the Court received: (1) a notice from Plaintiff regarding his change of address (ECF No. 2); (2) a second IFP application (ECF No. 3); and (3) a motion to appoint pro bono counsel. (ECF No. 4). On December 7, 2022, this Court denied Plaintiff's motion for counsel without prejudice (ECF No. 5). On February 23, 2023, this Court denied both of Plaintiff's IFP applications because they were not certified and signed by a prison official. (ECF No. 10). Accordingly, this matter was administratively terminated at that time. (*Id.*).

On March 9, 2023, Plaintiff submitted his third IFP application. (ECF No. 11). Plaintiff's application was again deficient, as he did not submit the requisite certified trust fund account statements.[1] (ECF No. 12). The Court again administratively terminated the matter. (*Id.*). Thereafter, Plaintiff sought an extension of time to file another IFP application. (ECF No. 13). The Court granted Plaintiff a 45-day extension (ECF No. 15). On May 8, 2023, Plaintiff submitted his fourth IFP application. (ECF No. 16). But, again, Plaintiff's IFP application was deficient, and, on August 4, 2023, the Court administratively terminated the matter once more. (ECF No. 17).

On November 29, 2023, Plaintiff filed a motion requesting an extension of time to file his fifth IFP application (ECF No. 20). On December 8, 2023, the Court granted Plaintiff's extension and granted him 30 days to file his fifth IFP application. (ECF No. 21). The Court also decided that no further extensions will be granted, and once again administratively terminated the matter. (*Id.*).

The Court did not receive Plaintiff's fifth IFP application within the 30 days after the Court's December 8, 2023, Order. Nor has the Court received any motions or letters from Plaintiff since. In other words, Plaintiff has failed to prosecute this action for approximately fifteen months.

"A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citation omitted). Prior to dismissal with prejudice for failure to prosecute, a court must balance six factors: (1) the extent of a parties' personal responsibility; (2) prejudice to the adversary; (3) whether the attorney's [or pro se litigant's] conduct was willful or in bad faith; (4) alternative sanctions; and (5) meritoriousness of

---

[1] *See* 28 U.S.C. § 1915(a)(2).

the claim. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984).

The Court now directs Plaintiff to show cause why the Court should not dismiss this action with prejudice based on Plaintiff's failure to take any action to prosecute this matter over the course of the past fifteen months.

**THEREFORE, IT IS** on this 5th day of March 2025,

**ORDERED** that the Clerk of the Court shall reopen this matter for purposes of this Order; and it is further

**ORDERED** that, within 30 days of the date of entry of this Order, Plaintiff shall show cause in writing why this case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), by addressing the six factors enumerated above; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**